Yen Kha TSOY; Den Khi Tsoy; Midya Tsoy; Bok Dok Dima Tsoy, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73154.
INS Nos. A76–861–495, A76–861–496, A76–861–497, A76–861–498.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Dec. 24, 2003.

David N. Shomloo, Esq., Portland, OR, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Portland, OR, Robert M. Loeb, Esq., Department of Justice, Civil Division, Washington, DC, Linda S. Wernery, Esq., Thankful T. Vanderstar, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM *

Appellant Yen Kha Tsoy, his wife Den Khi Tsoy, and their two minor children petition for review of an immigration judge's ("IJ") decision denying the Tsoys' request for asylum and withholding of removal and the subsequent affirmance of the IJ's decision by the Board of Immigration Appeals ("BIA"). We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we deny the petition.

The evidence presented by the Tsoys does not compel this court to grant asylum and withholding of removal.[1] The Tsoys have put forth no proof that the bombing of their Seventh Day Adventist Church was either committed by government forces or by forces that the government was either unable or unwilling to control.[2] Instead, the record supports the finding of the IJ that no facts sustain the argument that the Russian government would not or could not act to stop such a bombing. The United States Department of State's report on the country conditions of Russia states that "police action is less likely to be based on [such grounds as the religious, ethnic or political background of the victim] as on inadequate staffing," and that if the complaint does not provide the Russian authorities with "concrete evidence" of the culprit, the authorities are unlikely to take action.[3] Further, the Seventh Day Adventist Church has registered under a 1997 Russian law and is therefore guaranteed freedom of religion.[4] Thus, while the bombing of the Tsoys' church was a terrible occurrence, and the failure of the police to apprehend the culprit unfortunate, the incident does not prove with compelling evidence that the Russian government was unwilling or unable to stop such acts.

The additional incidents suffered by the Tsoys do not rise to the level necessary to compel this court to find past persecution on an individual or cumulative basis. Nei-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Ochave v. INS*, 254 F.3d 859, 862 (9th Cir.2001) (stating that when the BIA simply adopts the decision of the IJ, then this court must review the decision of the IJ, and that this court "must uphold the IJ's findings unless the evidence not only supports, but compels, contrary findings").

2. *Baballah v. Ashcroft*, 335 F.3d 981, 987 (9th Cir.2003).

3. *Russia—Profile of Asylum Claims and Country Conditions*, UNITED STATES DEPARTMENT OF STATE, BUREAU OF DEMOCRACY, HUMAN RIGHTS AND LABOR, Nov. 1997, at 17.

4. *See Russia Country Report on Human Rights Practices for 1998*, UNITED STATES DEPARTMENT OF STATE, BUREAU OF DEMOCRACY, HUMAN RIGHTS AND LABOR, Feb. 26, 1999, at 29–30.

ther do the incidents establish with substantial evidence a well founded fear of future persecution. Therefore, this court may not overturn the decision of the IJ.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.